1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    JEROME ADCOCK,                              No.  2:20-cv-1235 DB P

12                    Plaintiff,

13          v.                                    ORDER

14    SUZANNE PEERY, et al.,

15                    Defendants.

16

17          Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42

18    U.S.C. § 1983.  Plaintiff claims he was exposed to hazardous materials in violation of his Eighth

19    Amendment rights.  Presently before the court is plaintiff's motion to proceed in forma pauperis

20    (ECF No. 2) and his complaint for screening (ECF No. 1).  For the reasons set forth below, the

21    court will grant the motion to proceed in forma pauperis and dismiss the complaint with leave to

22    amend.

23                                **IN FORMA PAUPERIS**

24          Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. §

25    1915(a).  (ECF No. 2.)  Accordingly, the request to proceed in forma pauperis will be granted.

26          Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§

27    1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in

28    accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct

1

the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## SCREENING

### I.      Legal Standards – Screening

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227. Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell AtlanticCorp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic,

2

1   550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the

2   allegations of the complaint in question, <u>Hospital Bldg. Co. v. Rex Hospital Trustees</u>, 425 U.S.

3   738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all

4   doubts in the plaintiff's favor.  <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969).

5        The Civil Rights Act under which this action was filed provides as follows:

6           Every person who, under color of [state law] . . . subjects, or causes
    to be subjected, any citizen of the United States . . . to the deprivation
7   of any rights, privileges, or immunities secured by the Constitution .
    . . shall be liable to the party injured in an action at law, suit in equity,
8   or other proper proceeding for redress.

9   42 U.S.C. § 1983.  Here, the defendants must act under color of federal law.  <u>Bivens</u>, 403 U.S. at

10  389.  The statute requires that there be an actual connection or link between the

11  actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  <u>See</u>

12  <u>Monell v. Dept. of Social Servs.</u>, 436 U.S. 658 (1978); <u>Rizzo v. Goode</u>, 423 U.S. 362

13  (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

14  meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or

15  omits to perform an act which he is legally required to do that causes the deprivation of which

16  complaint is made."  <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

17       Moreover, supervisory personnel are generally not liable under § 1983 for the actions of

18  their employees under a theory of respondeat superior and, therefore, when a named defendant

19  holds a supervisorial position, the causal link between him and the claimed constitutional

20  violation must be specifically alleged.  <u>See</u> <u>Fayle v. Stapley</u>, 607 F.2d 858, 862 (9th Cir. 1979);

21  <u>Mosher v. Saalfeld</u>, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations

22  concerning the involvement of official personnel in civil rights violations are not sufficient.  <u>See</u>

23  <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

24  **II.**     **Allegations in the Complaint**

25       Plaintiff claims the events giving rise to his claim occurred while he was incarcerated at

26  California Correctional Center ("CCC").  (ECF No. 1 at 3.)  Plaintiff has identified the following

27  defendants: (1) Suzanne Peery, warden at CCC; (2) Steve Cagle, chief deputy warden at CCC; (3)

28  ////

3

Mark Hodges, supervisor of building trades at CCC; (4) Mary Tilja, correctional plant supervisor at CCC. (Id. at 3.)

Plaintiff alleges that all employees at CCC sign an annual waiver acknowledging they work in an area with high levels of asbestos. He states the dorms contained cracked ceiling and floor tiles and "we never received uniformed maintenance as described in operational procedure 211." (Id.) He alleges that "medical staff" at CCC confirmed his exposure to back mold. (Id. at 3-4.) He alleges Peery, Cagle, and Hodges "acted with wanton disregard for the safety of inmates" by putting their health at serious risk. (Id. at 4.)

Plaintiff claims he complained of symptoms known to be caused by long term exposure to asbestos and the nurse gave him a printout on mesothelioma, "which made the situation even worse." He alleges the printout he received caused him "anxiety, nervousness, and stress." Plaintiff alleges that "workers who work on dorm 62" where he was housed before being moved to dorm 45, "confirmed that Mary Tilja lied when she responded to inmate Persons'" grievance by stating there was no black mold in dorm 62. Thereafter, Hodges granted Mr. Persons' grievance when he complained of symptoms brought on by exposure to black mold and asbestos which was later amended by Cagle, to indicate that it was granted in part. Plaintiff further states that there was inadequate ventilation and operational procedures for proper inspection of the dorm areas that caused the dorms to become uninhabitable. (Id. at 5.)

He seeks to have "the whole facility" tested for the presence of asbestos and toxic black mold by a third party certified in remediation. (Id.) He also seeks monetary damages "for the wantonness and obduracy shown by staff when they used deliberate indifference to put [his] health at risk."

**III.    Does Plaintiff State a Claim under § 1983?**

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII. Under the Eighth Amendment, prison officials have a duty to "provide humane conditions of confinement." Farmer v. Brennan, 511 U.S. 825, 832 (1994). Conditions of confinement may, consistent with the Constitution, be restrictive and harsh. See Rhodes v. Chapman, 452 U.S. 337, 347 (1981); Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006);

1  Osolinski v. Kane, 92 F.3d 934, 937 (9th Cir. 1996).  However, prison officials have a duty to

2  provide prisoners with adequate shelter, food, clothing, sanitation, medical care, and personal

3  safety.  See Farmer, 511 U.S. at 832; Keenan v. Hall, 83 F.3d 1083, 1089 (9th Cir. 1996), opinion

4  amended on denial of reh'g (9th Cir. 1998) 135 F.3d 1318; Johnson v. Lewis, 217 F.3d 726, 731

5  (9th Cir. 2000); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982).

6       A prison official violates the Eighth Amendment when the following conditions are met.

7  First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ."  Farmer, 511

8  U.S. at 834 (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)).  Second, the prison official must

9  "know[] of and disregard[] an excessive risk to inmate health or safety . . . ."  Farmer, 511 U.S. at

10  837.  Thus, a prison official may be held liable under the Eighth Amendment for denying humane

11  conditions of confinement only if he knows that inmates face a substantial risk of harm and

12  disregards that risk by failing to take reasonable measures to abate it.  Id. at 837-45.

13       Plaintiff may be able to state a cognizable claim based on exposure to black mold and

14  asbestos in his prison dormitory.  See Wallis v. Baldwin, 70 F.3d 1074, 1076-77 (9th Cir. 1995)

15  (noting asbestos exposure could serve as the basis for an Eight Amendment claim); Jay v. Fresno

16  County Jail, No. 1:10-cv-0072 SMS PC, 2011 WL 841373 at *2 (Mar. 4, 2011) (noting "exposure

17  to toxic mold may support a claim for unconstitutional conditions of confinement").  However, in

18  order to state a claim, he must provide additional facts.  As stated, the allegations do not make

19  clear when he was housed in a dormitory where he could have been exposed, nor what actions or

20  inactions are attributable to the named defendants once they knew of the hazardous conditions.

21       In any amended complaint, plaintiff should make clear when he was housed in the

22  dormitory, when mold and asbestos was discovered, and what action or inaction was taken by

23  specific named defendants.  Additionally, all of the allegations should be contained in the body of

24  the complaint.  The court is not required to review exhibits and attachments to determine whether

25  plaintiff has stated a cognizable claim.

26  **IV.    Amending the Complaint**

27       As set forth above, the court has determined that the complaint does not state a claim.

28  However, plaintiff will be given the opportunity to file an amended complaint.  In any amended

complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo, 423 U.S. at 370-71. Also, the complaint must allege in specific terms how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's action and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey, 673 F.2d at 268.

Plaintiff is advised that in an amended complaint he must clearly identify each defendant and the action that defendant took that violated his constitutional rights. The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant. If plaintiff wishes to add a claim, he must include it in the body of the complaint. The charging allegations must be set forth in the amended complaint so defendants have fair notice of the claims plaintiff is presenting. That said, plaintiff need not provide every detailed fact in support of his claims. Rather, plaintiff should provide a short, plain statement of each claim. See Fed. R. Civ. P. 8(a).

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson, 588 F.2d at 743 (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

////

6

The federal rules contemplate brevity.  See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).  Plaintiff's claims must be set forth in short and plain terms, simply, concisely, and directly.  See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

Plaintiff is informed that the court cannot refer to a prior pleading in order to make his amended complaint complete.  An amended complaint must be complete in itself without reference to any prior pleading.  E.D. Cal. R. 220.  Once plaintiff files an amended complaint, all prior pleadings are superseded.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is granted;

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the California Department of Corrections filed concurrently herewith.

3. The complaint (ECF No. 1) does not contain a cognizable claim.  However, plaintiff may amend the complaint.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint

////

must bear the docket number assigned to this case and must be labeled "First Amended Complaint."

5.  Plaintiff is advised that his failure to comply with this order may result in a recommendation that this action be dismissed.

Dated:  November 5, 2020

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB:1/Orders/Prisoner/Civil.Rights/adco1235.scm